FILED
 2024 Oct-15  PM 02:00
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JESSICA SIMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. 5:24-cv-01211-CLS** |
| ) | |
| **ALLSTATE VEHICLE AND** ) | |
| **PROPERTY INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This action is before the court on the motion filed by defendant, Allstate Vehicle and Property Insurance Company, to dismiss and strike the following counts of plaintiff's complaint: III (negligence); IV ("failure to arbitrate"); V (pregnancy and sex discrimination); VII (defamation of character); and the unnumbered counts for "Nuisance" and "Wrongful termination of policy."  Doc. no. 3.

Plaintiff, Jessica Simpson, is proceeding *pro se*.  She initially filed her complaint in the Circuit Court of Madison County, Alabama, on July 30, 2024.[1] Defendant timely removed the action to this court on September 5, 2024, on the basis

---

[1] Doc. no. 1-1, at ECF 6-14.  **NOTE**: "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing").  When the court cites to pagination generated by the ECF header, it will, as here, precede the page number(s) with the letters "ECF."

of the federal diversity jurisdiction statute, 28 U.S.C. § 1332.[2] Plaintiff's complaint contains eleven "counts." In addition to those claims that Allstate's motion asks the court to dismiss, plaintiff also asserts claims for breach of contract, bad faith, "emotional distress and injury," "estoppel by acquiescence," and "writing bad checks."

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint is not a model of clarity. As best the court can discern, plaintiff's residence was damaged by wind and hail on September 16, 2023. Her property was insured by Allstate under policy number 000815499580. Plaintiff filed a claim for the damage, which apparently was paid in part.[3] Allstate maintained, however, that her policy did not cover damage to the contents of her residence or mold.[4] Her policy was terminated after she opened a new claim. Plaintiff attempted to resolve the matter, including requesting that her dispute be arbitrated. She alleges that Allstate made false statements to LEXIS-NEXIS, which negatively affected her

---

[2] That statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (ellipsis supplied). In the present case, Allstate is incorporated in Illinois and has its principal place of business in the same state, and plaintiff is a citizen of Alabama. Doc. no. 1 (Notice of Removal) at 3. Plaintiff seeks compensatory and punitive damages, on the face of her complaint, that exceed the amount of $75,000. Doc. no. 1-1 (Complaint) at ECF 13.

[3] Doc. no. 1-1 at ECF 7.

[4] *Id.*

"CLUE" (Comprehensive Loss Underwriting Exchange) report, thereby damaging her reputation.[5] Plaintiff also alleges that Allstate discriminated against her based upon her pregnancy, by "failing to provide appropriate accommodations, removal from the home [despite] the doctors recommendation to do so, and closing her claim when she notified defendants that she was in the hospital giving birth."[6]

## II.  STANDARD OF REVIEW

The relevant portion of the Federal Rules of Civil Procedure permit a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That statement must be read together with Rule 8(a), which requires that a pleading contain only a "*short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S. at 555]. Nor does a complaint suffice if it tenders "naked

---

[5] *Id.* at ECF 12. A CLUE report "is a database of claims on auto insurance and home insurance over seven years." https://www.insurance.com (last visited Oct. 7, 2024). The database is owned and operated by LEXIS-NEXIS. *Id.*

[6] *Id.* at ECF 12.

assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a compliant is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 409 F.3d at 157–58. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, other alteration supplied). Based upon *Iqbal*, the Eleventh Circuit has instructed courts to use a two-step framework to test the sufficiency of pleadings:

First, we identify the allegations that are "no more than conclusions." Conclusory allegations are not entitled to the assumption of truth. Second, after disregarding conclusory allegations, we assume any remaining factual allegations are true and determine whether those factual allegations "plausibly give rise to an entitlement to relief."

*McCullough v. Finley*, 807 F.3d 1324, 1333 (11th Cir. 2018).

The court liberally construes *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The court may not, however, "serve as *de facto* counsel for a party, or [ ] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (alteration supplied) (internal citations omitted).

### III.  DISCUSSION

A.    **Count III — Negligent Handling of Insurance Claim**

Allstate contends that plaintiff's claim for the allegedly negligent handling of

her insurance claim should be dismissed, because that cause of action is not recognized by Alabama law. The court agrees — it is well settled that a claim for negligent or wanton handling of an insurance claim is not viable under Alabama law. *See Kervin v. Southern Guaranty Insurance Company*, 667 So. 2d 704, 706 (Ala. 1995) ("[T]his court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims.") (citing *Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337 (Ala. 1993); *Armstrong v. Life Insurance Company of Virginia*, 454 So. 2d 1377, 1380 (Ala. 1984), *overruled on other grounds*, *Hickox v. Stover*, 551 So. 2d 259, 264 (Ala. 1989); *Chavers v. National Security Fire & Casualty Company*, 405 So. 2d 1 (Ala. 1981); *Calvert Fire Insurance Company v. Green,* 278 Ala. 673, 180 So. 2d 269 (1965)). Accordingly, Count III of plaintiff's complaint is due to be dismissed.

### B.     Count IV — Failure to Arbitrate

Plaintiff's homeowner's policy contained the following provision pertaining to arbitration:

> Any claim or dipute in any way related to this policy, by an insured person against [Allstate] . . . *may be resolved by arbitration only upon mutual consent of the parties*. Arbitration pursuant to this provision shall be subject to the following:

    1.      no arbitration shall have the authority to award punitive damages or attorney's fees;

    2.      neither of the parties shall be entitled to arbitrate any claims or disputes in a representative capacity or as a member of a class; and

    3.      no arbitrator shall have the authority, without the mutual consent of the parties, to consolidate claims or disputes in arbitration.

Doc. no. 1-1 (Amended House and Home Policy Declarations) at ECF 38 (ellipsis and emphasis supplied). Allstate contends that plaintiff's claims should be dismissed because Allstate did not consent to arbitration, as required by the foregoing policy language. Plaintiff's argument that Allstate failed to respond to her request to arbitrate cannot overcome the unambiguous policy terms, requiring *mutual* consent, and this claim also is due to be dismissed.

**C.    Count V – Pregnancy and Sex Discrimination**

Plaintiff's allegations relating to pregnancy and sex discrimination are difficult to discern. She appears to allege that Allstate discriminated against her because, following its denial of her claim, she did not have appropriate accommodations while she was pregnant. She also alleges that Allstate discriminated against her by closing her claim while she was in the hospital giving birth.

Those allegations do not state a cognizable claim upon which relief may be granted. Laws prohibiting pregnancy discrimination, such as the Pregnancy

Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), and the Pregnant Workers Fairness Act, codified at 42 U.S.C. § 2000gg, apply only in the employment context, and plaintiff was not an employee of Allstate. Plaintiff has offered no other valid basis for a pregnancy discrimination claim. Accordingly, Count V is due to be dismissed.

### D. Count VII — Defamation of Character

Plaintiff alleges the following with respect to her claim of defamation:

> 74. Defendant's false statements and actions forced Plaintiff to file unnecessary claims, which were reported to agencies like LexisNexis and the C.L.U.E. report, defaming Plaintiff's character and causing harm to Plaintiff's reputation.
>
> 75. Defendant's actions and statements caused defamation of Plaintiff's character, resulting in reputational harm.

Doc. no. 1-1 at ECF 12.

The elements of a cause of action for defamation under Alabama law are:

> (1) a false and defamatory statement; (2) an unprivileged communication of that statement to a third party; (3) fault amounting at least to negligence on the part of the defendant; and (4) either actionability of the statement irrespective of special harm of the existence of special harm caused by the publication of the statement.

*McCaig v. Talldega Publishing Company*, 544 So. 2d 875, 877 (Ala. 1989) (citing *Restatement (2d) of Torts* § 558). Plaintiff's allegations, as pled, are nothing more than conclusory statements and do not support a claim for defamation. She has not

identified the particular statement or statements she alleges to have been defamatory, the individual or individual(s) who made the statement(s), or the date or time period during which the statement(s) were made. Rather than dismissing this claim, however, plaintiff will be afforded the opportunity to amend her complaint to allege *specific* supporting facts.

**E.     Nuisance**

The 1975 Code of Alabama defines "nuisance" as

> anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable [person].

Ala. Code § 6-5-120 (1975) (alteration supplied). The Alabama Supreme Court has construed that statute, which codified the common formulation of the term, to require a plaintiff to "show conduct, be it intentional, unintentional, or negligent, on the defendant's part, which was the breach of a legal duty, and which factually and proximately caused the complained-of hurt, inconvenience, or damage." *Hilliard v. City of Huntsville Electric Utility Board*, 599 So. 2d 1108, 1113 (Ala. 1992). "There is a wide difference between tort, constituting an invasion of personal and contract right, and nuisance. The former expends its force in one act, although injurious consequences may be of lasting duration. A nuisance involves the idea of continuity

9

or recurrence." *McCalla v. Louisville & N.R. Co.*, 50 So. 971, 972 (Ala. 1909).

Plaintiff alleges that "Defendant's actions substantially and unreasonably interfered with plaintiff's use and enjoyment of the property," and those "actions interfered with the health, safety, and comfort of the plaintiff's environment."[7] Plaintiff's response to defendant's motion to dismiss explains that:

> Allstate's repeated delays, misrepresentations, and obstruction of the claims process created a substantial and unreasonable interference with Plaintiff's property rights and financial stability. The actions of Allstate interfered with Plaintiff's ability to use and enjoy her property, which is a recognized basis for a nuisance claim under Alabama law.

Doc. no. 5 (Plaintiff's Opposition to Defendant's Partial Motion to Dismiss and Motion to Strike) at 4-5.

Another judicial officer in this district addressed a nuisance claim in the analogous context of an allegedly invalid foreclosure sale. *See Fassina v. CitiMortgage, Inc.*, No. 2:11-CV-2901-RDP, 2012 WL 2577608 (N.D. Ala. July 2, 2012). United States District Judge R. David Proctor found that there was no relevant Alabama caselaw to support such a claim, and that the plaintiff asserted a nuisance claim "as a roundabout way of seeking redress for an alleged wrongful foreclosure in violation of the mortgage." *Id.* at *10. He observed that "[t]he resolution of Plaintiff's nuisance claims as pled hinges on the determination of whether the

---

[7] Doc. no. 1-1 at ECF 13.

foreclosure sale was wrongful; Plaintiff's claim does not rest on any facts that would support a nuisance claim sufficient to withstand a motion to dismiss." *Id.* No recurrent or continuous conduct was alleged, and the foreclosure sale was a one-time event. Concluding that the plaintiff had not pled a plausible nuisance claim, Judge Proctor characterized the claim as "essentially an end run around the rule that Alabama law does not permit a tort-like cause of action for a breach of contract duty." *Id.*

The same considerations are present here. Plaintiff's claim of nuisance arises from a one-time event — the denial of her insurance claim — that she alleges was wrongful. Like the allegedly invalid foreclosure sale in *Fassina*, the claim stems from a contractual duty. Accordingly, plaintiff has not pled a plausible nuisance claim, and it is due to be dismissed.

### F.    Wrongful Termination of the Insurance Policy

The Alabama Supreme Court has unequivocally held that an insured cannot sue in tort for an allegedly wrongful cancellation of an insurance policy. *See Raybon v. Allstate Insurance Company*, 589 So. 2d 710, 711 (Ala. 1991) ("[T]he contract remedy is the only remedy available where an insurer wrongfully cancels, terminates, or repudiates a contract of insurance."). Accordingly, to the extent that plaintiff asserts a separate tort claim for the alleged wrongful termination of her insurance

policy, it is due to be dismissed.

## IV.  CONCLUSION

For the reasons discussed above, Counts III, IV, and V of plaintiff's complaint, together with her claims for nuisance and wrongful termination of her insurance policy, are due to be dismissed.  Plaintiff will be afforded the opportunity to file an amended complaint solely for the purpose of providing specific factual allegations to support her claim for defamation (Count VII).  A separate order will be entered contemporaneously herewith.

**DONE** this 15th day of October, 2024.

_____
Senior United States District Judge